time of purchase, all of the property was improved with frame buildings and one brick building. The brick building fronted on Collinsville Avenue and was 25 feet wide. The buildings contained five stores, which were rented at the time of purchase for $875 per month. The rent received for these stores has never been less than that amount. The buildings were constructed more than 30 years ago. In 1910, the store in the corner building was substantially reconstructed by tearing out and removing the roof and the side walls, and a new store was constructed, which was 25 by 56 feet in dimensions. Repairs were made from time to time upon the buildings. The fair value of the buildings, at the time of their purchase by Clarence E. Pope in 1914, was $30,000, the value of the brick building being $5,000 and the value of the frame buildings being $25,000. On October 13, 1920, the taxpayer, Clarence E. Pope, deeded to his wife a three-fourths interest in the property.

DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact and the following opinion. Final determination will be settled on 15 days' notice, in accordance with Rule 50. The rates of depreciation heretofore used by the Commissioner should be applied.

OPINION.

ARUNDELL: The taxpayer, Clarence E. Pope, claimed in his returns for the years in question that a valuation of $5,000 should be placed on the brick building located on the property, for the purpose of depreciation, and this valuation was conceded to be correct and was used by the Commissioner in making his determination. The evidence clearly establishes the fair market value of the buildings, both brick and frame, to be $30,000 at the time of the purchase of the property in 1914. No evidence was introduced as to the value of the property at the date of acquisition by Mrs. Pope of a three-fourths interest therein. It therefore becomes necessary to approve the Commissioner's determination in the appeal of Mrs. Clarence E. Pope.

---

APPEAL OF ISAAC C. JENKS.

Docket No. 3392.    Submitted November 11, 1925.    Decided February 4, 1926.

*Isaac C. Jenks* pro se.
*George G. Witter, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

This is an appeal from the determination of a deficiency of $70 in income tax for 1921.

### FINDINGS OF FACT.

Since 1891, taxpayer has been a commissioned officer in the United States Army. In 1920 he was commissioned a colonel in the Regular Army and, during 1921, was engaged in the active performance of his duties as such officer. During the period from January 1, 1921, to March 3, 1921, he received as salary from the United States, for active services in the military forces of the United States, a sum in excess of $1,191.05.

### DECISION.

The determination of the Commissioner is approved. *Appeal of O. W. Rethorst*, 1 B. T. A. 448; *Appeal of Godwin Ordway*, 2 B. T. A. 428.

---

## Appeal of NORFOLK & WESTERN RAILWAY CO.

Docket No. 3601. Submitted October 12, 1925. Decided February 4, 1926.

*John E. McClure, Esq.*, for the taxpayer.

### Before MARQUETTE, GREEN, and LOVE.

This is an appeal from the determination of a deficiency in income and profits taxes for the year 1919 in the amount of $40,251.99. The appeal relates only to so much of the alleged deficiency as results from the Commissioner's inclusion in the taxpayer's income of the 2 per cent portion of the income tax borne by the Director General of Railroads in accordance with the provisions of the Federal Control Act.

### FINDINGS OF FACT.

1. The taxpayer is a Virginia corporation, with its principal office at Roanoke.

2. During the year 1919, the taxpayer's properties were under the control of and were operated by the Director General of Railroads, as provided for by the Federal Control Act.

3. In accordance with the provisions of the Act, and as a result of his control of the taxpayer's properties, the Director General bore the Federal income tax in the amount of $325,461.40.

4. The Commissioner has included the amount of tax so borne by the Director General in the taxpayer's income for the year 1919.

### DECISION.

The deficiency should be computed by excluding from the taxpayer's income the amount of the tax borne by the Director General of Railroads. *Appeal of New York, Ontario & Western Ry. Co.*, 1 B. T. A. 1172. Final determination will be settled on 7 days' notice, under Rule 50.